

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| OSCAR MAGANA :<br>*Plaintiff* : | Case No. 3:11CV849 |
| : | |
| v. : | |
| : | |
| COLONIAL HEIGHTS POLICE : | |
| DEPARTMENT; | |
| COLONEL JEFFREY W. FARIES, CHIEF OF POLICE, | |
| 100-A HIGHLAND AVENUE | |
| COLONIAL HEIGHTS, VA 23834 | |
| and : | |
| JOHNSON, JOHN DOES 1-5; : | |
| CHETERFIELD POLICE : | |
| DEPARTMENT, JANE DOE | |
| 10001 IRON BRIDGE ROAD | |
| CHESTERFIELD, VA 23832 : | **JURY TRIAL DEMANDED** |
| *Defendants* : | |

## COMPLAINT

### I.   INTRODUCTION

1. The Plaintiff, Oscar Magana, brings this civil action for violation of his rights secured and protected by the Civil Rights Act of 1871 (U.S.C. §1983), the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, violation of his civil rights and race discrimination, harassment and violation of the laws of the State of Connecticut. Plaintiff seeks compensatory and punitive damages, as well as attorney's fees and costs.

### II.   PARTIES

2. The Plaintiff, Oscar Magana, (hereafter referred to as "Magana"), at all times relevant herein was a resident of Colonial Heights, Virginia.

all times relevant was acting under the color of law during the course of and within the scope of his employment with the Colonial Heights Police Department.

4. Upon information and belief, the Defendant Officers John Doe #1-5 were and at all times material herein, police officers of the Colonial Heights Police Department. They are named in their individual and official capacities and at all material times were acting under the color of law, and during the course and scope of their employment with the Colonial Heights Police Department.

5. Upon information and belief, the Defendant Officer Jane Doe was at all times material herein, a police officer of the Chesterfield Police Department. She is named in her individual and official capacity and at all material times was acting under the color of law, and during the course and scope of her employment with the Chesterfield Police Department and as agent for the Colonial Heights Police Department.

### III. JURISDICTION

6. Jurisdiction of this matter is invoked under 28 U.S.C. § 1331, in that the District Court shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States.

7. This Court has supplemental jurisdiction over the Plaintiffs' state law claims in accordance with 28 U.S.C. § 1367.

### IV. VENUE

8. Venue is the Eastern District of Virginia is proper in accordance with 28 U.S.C. §1391, in that all of the acts and/or omissions giving rise to the claims occurred within this judicial district.

### V. FACTS

9. On December 21, 2010 Detective T.E. Johnson and at least five (5) members of the Colonial Heights, Virginia Police Department entered the home of Oscar Magana located at 215 Jefferson Avenue, Colonial Heights, Virginia.

10. Detective Johnson and the others entered Magana's home, encircled him, some were wearing gloves, and began videotaping the home and contents thereof.

11. Without informing Magana of the reasons for the entry into his home, Detective Johnson and the others then handcuffed him behind his back, and escorted him to outside the home to a waiting police cruiser.

12. Despite repeated requests as to the reasons for his arrest, Magana was not told why he was being arrested.

13. Officers John Does remained in Magana's home for at least one-half hour apparently videotaping the contents of the home and/or searching for evidence.

14. Magana remained seated handcuffed in the police cruiser during this one-half hour time while his home was search.

15. Magana had been a resident of the 215 Jefferson Avenue property along with his wife and children for only approximately three weeks, having moved there from out of state.

16. Magana was escorted to the Colonial Heights Police Department located at 100 Highland Avenue, Colonial Heights, Virginia.

17. Detective Johnson did not inform Magana of the reason for his arrest at any time prior to being taken to the Colonial Heights Police Department.

18. Magana, who is a native of El Salvador, repeatedly asked to telephone his wife. These requests all went unheeded.

19. Magana was asked by Detective Johnson if he desired to have a Spanish language interpreter. Magana did so request to have the Spanish language interpreter. He was held

handcuffed in custody while an officer of the Chesterfield Police Department, Jane Doe, was brought in.

20. Magana was interrogated, after the arrival of Officer Jane Doe, by Detective Johnson.

21. At no time was Magana informed of his Miranda rights by Detective Johnson or Officer Jane Doe.

22. Magana on at least three (3) occasions requested to telephone his wife but was refused that right.

23. Officer Jane Doe and Detective Johnson questioned Magana for a period of some three hours without initially informing him of the charges against him.

24. At the lapse of many hours and repeated questioning, Magana was informed that he had been accused of breaking and entering into the home of neighbors who lived across the street from his Jefferson Avenue address, and identified as the assaulter and sexual attacker of a twelve (12) year old girl.

25. Officer Jane Doe informed Magana that she believed him to be innocent, however, he was held in custody,

26. During the multiple hours that Magana was in custody, he remained tightly handcuffed with his shoulder pulled in such a manner as to cause him great physical pain and suffering. Magana requested (how many times???) to have the handcuffs loosened, however, the police officers refused this request.

27. Magana was escorted to Riverside Regional Jail in Hopewell, Virginia where he remained until on or about December 23, 2010.

28. Magana was required to expend time, money, and emotional energy before having the charges against him dropped.

29. The Defendant Officers had no reasonable cause to arrest him or to keep Magana in custody.

30. Subsequent to his release, or about ???, Magana was at his employment at Sam's Club when Officer Jane Doe came into the store. Upon seeing him, she conversed with him and admitted that she had concluded that he was innocent of the charges against him.

31. Officer Jane Doe admitted to Magana that she was aware that he was not the guilty party because, among other things, the attacker spoke Mexican Spanish which is distinctively different than Magana's El Salvadorian Spanish.

32. During all times material herein, the Defendants and each of them separately and in concert, acted under color of law, under color of statutes, ordinances, regulations, customs and usages of the State of Virginia and/or the City of Colonial Heights.

33. Each of the Defendants, separately and in concert, engaged in illegal conduct thereby injuring the Plaintiffs, depriving them of the rights, privileges and immunities secured to them by the Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution, 42 U.S.C. §1983, and by the laws and statutes of the State of Virginia.

**FIRST COUNT:**     **42 U.S.C. § 1983/ Fourth, Fifth, Eighth, and Fourteenth Amendments of the U.S. Constitution (As to Defendant Police Officers)**

1-33. Paragraphs 1through 33 are hereby incorporated by reference and made paragraphs 1-33 of this First Count.

34. The Defendant Police Officers, separately and in concert, engaged in illegal conducted stated above, injuring and depriving Magana of the rights, privileges and immunities secured to him by the Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution and the laws and statutes of the State of Virginia.

35. The Defendant Police Officers violated Magana's rights secured to him by the 42 U.S.C. § 1983, in one or more of the following ways:

  a. In arresting and detaining him without reasonable suspicion, probable cause, or other exigent circumstances;

  b. In using unreasonable, unjustified and excessive force upon him;

  c. In acting jointly and in concert with each other when they had a duty and opportunity to protect him from the unlawful acts of the other officer;

  d. In causing unjust and unwarranted physical abuse, intimidation and humiliation to him;

  e. In unjustly depriving him of rights without due process of law;

  f. In acting recklessly toward him.

36. As a result of Defendants' conduct, Plaintiff has suffered personal injuries, including emotional distress, shock to his entire system.

37. As a result of the conduct of Defendant Officers, Magana has suffered and in the future will continue to suffer emotional pain and suffering.

**SECOND COUNT:**      **Intentional Infliction of Emotional Distress**
                                      **(As to Defendant Officers)**

1-33. Paragraphs 1 through 33 are hereby incorporated by reference and made paragraphs 1-33 of this Second Count.

34. Defendant Police Officers engaged in extreme and outrageous conduct of arresting and detaining Magana in custody when it was clear that he was not the suspect for whom they were looking.

35. The Defendant Police Officers 'conduct was intended to cause and did cause Magana severe emotional distress.

36. As a result of Defendant Police Officers' actions, Magana has sustained and will in the future suffer extreme emotional distress.

37. Magana has been damaged thereby.

**THIRD COUNT:** False Arrest and Imprisonment (As to Defendant Officers)

1-33. Paragraphs 1 through 33 are hereby incorporated by reference and made paragraphs 1-33 of this Third Count.

34. Defendant Officers unlawfully restrained the physical liberty of Magana against his will and without his consent when they effected an arrest of him and when they continued to restrain him of his liberty after becoming aware of facts that negated any guilt.

35. As a result of the unlawful restraint, Magana was forced to suffer physical and emotional injuries.

34. Magana was damaged thereby.


**FOURTH COUNT:** 42 U.S.C. §1983/Fourth, Fifth, Eighth and Fourteenth Amendments to the U.S. Constitution (Town of Colonial Heights Police Department, Chesterfield Police Department)

1-33. Paragraphs 1 through 33 are hereby incorporated by reference and made paragraphs 1-33 of this Fourth Count.

34. At all material times, the Town of Colonial Heights and Chesterfield Police Departments, acting through its final policy maker in the area of law enforcement, had in effect policies, practices, and customs regarding Police Officers assigned to investigate alleged crimes.

35. These policies, practices, and customs included, but are not .limited to:

a. the failure to properly screen, train, discipline, supervise or otherwise control police officers engaged in the investigation of crimes as regards the use of excessive , unreasonable and

unjustified force; and the duty of officers to intervene and protect individuals from the deprivation of their civil rights by other police officers.

36. These actual and/or de facto policies, practices and customs were the proximate cause of the conduct of Defendant Police Officers, and the resulting violation of the rights of Magana.

37. As a consequence of the policies, practices and customs Magana has suffered physical and emotional distress and injury.

38. Magana was damaged thereby.

**FIFTH COUNT:** **MALICIOUS PROSECUTION (As to Defendants Officers**

1-33. Paragraphs 1 through 33 are hereby incorporated by reference and made paragraphs 1-33 of this Fifth Count.

34. The prosecution of this action against Plaintiff was malicious and brought without any cause to believe that Magana was responsible for the alleged breaking and entering or sexual assault upon the minor child.

35. The prosecution of this action was brought vindictively and for an ulterior motive; for the purpose of attempting to legally harass Magana because of his ethnicity and deemed immigrant status.

36. The bringing and continuing of this action constituted malicious prosecution on the part of the Defendants against Magana, and their conduct, being willful, wanton and malicious, warrants punitive damages.

37. That as a result of the malicious prosecution Magana was obliged to defend himself and to expend money and time in his defense, all in an amount to be proven at the trial; that he lost time from the ordinary pursuits in his life and home, and that the quality of his life was diminished by it, all to his great damage, as will be shown at the trial.

38. Magana has met his burden of proof in this action and that Defendants' allegations against him were unfounded and frivolous and without probable cause to believe that he was guilty of the crimes alleged.

39. Wherefore, Magana requests special damages as may be shown and for general compensatory damages in tort as may be fixed by the jury, punitive damages as may be assessed by the jury, and for costs, disbursements and reasonable attorney fees incurred as a result of defending himself from the unwarranted criminal charges.

**WHEREFORE**, Plaintiffs Oscar Magana prays for the following relief:

A. A trial by jury;

B. Compensatory damages;

C. Punitive damages (As to Defendant Officers)

D. Attorneys fees and costs;

E. Such further and equitable relief as the Court may deem appropriate.

THE PLAINTIFF
BY: _____
Oscar Magana
512 Pearl Street #1626
Charlotte, NC 28262
(203) 297-0645

The foregoing instrument was acknowledged by Oscar Magana who has placed his/her signature on this instrument before me personally, and who is known to me or has produced VADL as identification and who did take an oath, this 21 day of December, 2011.
My commission expires August 31, 2014
Notary Public Signature _____

LASHONE JENNINGS
Notary Public
Commonwealth of Virginia
7314271
My Commission Expires Aug 31, 2014

1. Colonial Heights Police Department
   Serve: Colonel Jefrey W. Faries, Chief of Police
   100-A Highland Avenue
   Colonial Heights, VA 23834

2. Detective Johnson - Serve
   Colonial Heights Police Department
   100-A Highland Avenue
   Colonial Heights, VA 23834

Oscar F. Magana
12/21/11